HENRY BIGELOW & another, Administrators, *vs.* ALEXIS POOLE.

An intestate kept and left at his death a little book, "showing," as was stated in a memo-randum at its beginning, signed by him, " the moneys I have advanced to my children severally, and to which I shall give credit to any or each of them as they may pay me from time to time." The book was in the form of accounts with each child, one of which showed that a son "had had" a certain sum; and, on the opposite page, these words: " Went into chancery, but paid nothing." He did prove against that son's estate in insol-vency the sum thus charged in the book, and interest, and assented to his discharge. *Held,* that this sum was not an advancement, under the Rev. Sts. *c.* 61, § 9.

APPEAL from a decree of the judge of probate, dismissing a petition of the administrators of the estate of Lott Poole, de-ceased intestate, for a distribution of his estate among his other

children, omitting the appellee as having had his whole share advanced to him. The facts appear in the opinion.

*E. R. Hoar & H. Gray, Jr.*, for the appellants, cited Rev. Sts. c. 61, §§ 6–10 ; *Bulkely* v. *Noble*, 2 Pick. 340 ; *Gilbert* v. *Wetherell*, 2 Sim. & Stu. 254 ; *Berry* v. *Morse*, 1 H. L. Cas. 71 ; *Clark* v. *Warner*, 6 Conn. 355.

*W. L. Brown*, for the appellee.

METCALF, J. It is the settled law of this commonwealth, that an advancement, whether of real or personal property, made by an intestate to his child or other descendant, must be proved by the evidence prescribed by our statutes, and by no other. *Osgood* v. *Breed*, 17 Mass. 358. *Ashley's case*, 4 Pick. 24. *Bullard* v. *Bullard*, 5 Pick. 527. *Barton* v. *Rice*, 22 Pick. 509, 510. And by the Rev. Sts. *c.* 61, § 9, (a reënactment of *St.* 1805, *c.* 90, § 3,) " all gifts or grants shall be deemed to have been made in advancement, if they are expressed in the gift or grant to be so made, or if charged in writing by the intestate as an advancement, or acknowledged in writing, as such, by the child or other descendant." The sole question now before us is, whether Mr. Poole, the intestate, charged in writing any sum as an advancement to his son Alexis.

In *Bulkely* v. *Noble*, 2 Pick. 340, Chief Justice Parker said : " No particular form of words is required by the statute to constitute an advancement ; but it must be charged as such, that is, it must be charged in such a manner as to show that to have been the intention." And it was decided in that case, that the words " articles that I let my daughter N. have," written in a book of memoranda, made by the father, of advancements to his other children, showed an intention to charge an advancement to N. *Noscitur a sociis.* But in *Ashley's case*, above cited, it was held that money charged by a father against a child, in the ordinary form of an account book, could not be deemed an advancement ; that there was nothing to distinguish such charge from the other book debts of the father.

We are of opinion, in the present case, that the evidence fails to show that the intestate meant to charge his son Alexis as for an advancement of his share, or a part of his share, of the

intestate's property. The intestate's small book, which is in the case, does not purport to be a book containing entries of advancements to his children, in the sense in which we are now considering advancements. On the title page (as we may call it) of that book is this memorandum, signed by the intestate: " Small book referred to in my last will and testament, dated Aug. 2d 1843, showing the moneys I have advanced to my children, severally, and to which I shall give credit to any or each of them, as they may pay me from time to time. Revised and corrected August 7th 1847, on making another last will and testament." On the second page are these two entries: " On the 2d day of August 1843, my son Alexis Poole has had $1625.00." " On the 7th day of August 1847, my son Alexis Poole has had, beside interest to this day, $1600.83." On the opposite leaf is written " Credt. Went into chancery, but paid nothing." The facts show that in 1853 Alexis took the benefit of the insolvent law, and the intestate proved the above claims, with interest, against his estate in insolvency; that Alexis was discharged from all his debts; and that the intestate consented to his discharge. All this shows a loan, and not an advancement of the son's portion; a debt which the son was to pay, with interest. Such we must have regarded it in law, on the face of the book alone. But, if there had been doubt of this, the treatment of it as a debt by the intestate would decide the question.

In the same book, on the left pages, are entries, made by the intestate, stating the amount that each of his other sons " has had," including interest to a certain day; and on the right pages entries giving them credit for partial payments. The book also states how much each of his daughters " had " (without giving dates) on their respective marriages. These, clearly, are not charges of advancements. The charge against Alexis, therefore, cannot be treated as an advancement, by reason of its being in the same book with those charges.

The last three cases cited and relied on by the appellants' counsel show that this would be held to be an advancement under the English *St.* 22 & 23 Car. 2, *c.* 10, § 5, of which, says

Hosmer, C. J., the Connecticut statute is almost a literal transcript. *Hatch* v. *Straight*, 3 Conn. 34. The difference between that statute and ours will appear by referring to its terms. After directing a distribution of one third of an intestate's surplus property to his widow, and the residue to his children, in equal portions, except such as may have had any estate by settlement of the intestate, or shall have been advanced by the intestate, by portion equal to the share which shall, by such distribution, be allotted to the other children to whom such distribution shall be made, the fifth section thus proceeds : " And in case any child, other than the heir at law, who shall have any estate by settlement from the said intestate, or shall be advanced by the said intestate in his lifetime, by portion not equal to the share which will be due to the other children, by such distribution as aforesaid ; then so much of the surplusage of the estate of the intestate to be distributed to such child or children as shall have any land by settlement from the intestate, or were advanced in the lifetime of the intestate, as shall make the estate of all the said children to be equal, as near as can be estimated." What shall be deemed an advancement, or by what evidence it shall be proved, is not here prescribed, as it is in our revised statutes. See Lovelass on Wills, (12th ed.) 140 ; 2 Wms. on Executors (4th Amer. ed.) 1288–1292.

*Decree of the judge of probate affirmed.*